IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**GERALD B. BUTLER,**

  **Plaintiff,**

**vs.**                **1:07CV55-SPM/AK**

**IRVING N. TRANEN,**

  **Defendant.**

               /

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP) with financial affidavit. (Doc. 2). Leave to proceed is hereby **GRANTED**.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff sues the arbitrator of an employment dispute concerning the United States Postal Service (or Veterans Administration, it is not clear) who resides in Bethesda, Maryland. Plaintiff is unclear where he was employed or where the hearing was held, but it appears that Plaintiff may need to file this suit in another

court. See 28 U.S.C. §1391 (suit should be brought where defendant resides or where a substantial part of the events giving rise to the lawsuit occurred).

Further, Plaintiff has not identified the constitutional basis or federal law supporting his claims. It is not enough to list "civil rights & due process" as the basis of his lawsuit, Plaintiff must "[s]tate what rights under the Constitution, laws or treaties of the United States you claim have been violated. Be specific." (See Instructions under section IV of the complaint form). It appears that Plaintiff make be seeking judicial review of an administrative determination and he must identify the statutory basis for this review. He should be alerted to the fact that many such administrative actions require that he undertake certain procedures before filing suit.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph,

as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **July 27, 2007.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this 5th day of July, 2007.

S/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**